IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 12-643-CG-C |
| ) | |
| DONALD STACEY RYALS and ) RECOVERY INDUSTRIES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's motion for summary judgment (Doc. 26) on two of its three claims. For reasons that follow, the motion is due to be granted.

### I. FACTS

Defendant Donald Stacey Ryals has been in the rental-property business for over twenty years. Over the course of his career, Ryals has taken out a number of loans, some in his own name, some in the name of his company, Defendant Recovery Industries, Inc. (This opinion will refer to Ryals and Recovery Industries collectively as "Ryals and Co.") Five of those loans—three in Ryals's name and two in Recovery Industries'—came from Vision Bank, which merged into Plaintiff SE Property Holdings, LLC, last year.

According to SE Property, all five of those loans are now in default. Although SE Property has apparently foreclosed on and sold properties securing those loans, balances remain due. This lawsuit represents SE Property's attempt to collect those balances. The matter comes before the court on SE Property's motion for summary judgment on its claims for breach of contract (Counts I and II of the complaint (Doc. 1)).

## II. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

On a motion for summary judgment, the movant bears the initial burden of proving that no genuine issue of material fact exists. *O'Ferrell v. United States*, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the movant's arguments, the court must view all evidence and resolve all doubts in the light most favorable to the nonmovant. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds might differ on the inferences arising from undisputed facts, then [a court] should deny

summary judgment." *Hinesville Bank v. Pony Exp. Courier Corp.*, 868 F.2d 1532, 1535 (11th Cir. 1989).

Once the movant satisfies his initial burden under Rule 56(a), the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). To meet that burden, the nonmovant "may not rely merely on allegations or denials in its own pleading;" rather, it must, by affidavits or otherwise, "set out specific facts showing a genuine issue for trial." *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 870 (11th Cir. 2011). "Where the record taken as a whole could not lead a rational trier of fact to find for the [nonmovant], there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation and citation omitted).

### III. DISCUSSION

Neither Ryals nor Recovery Industries denies that they defaulted on the loans; nor have they submitted any evidence that casts doubt on SE Property's version of the facts. It is also undisputed that Ryals personally guaranteed the two loans Recovery Industries took out, that SE Property performed its half of the deal, and that the notes Ryals and Co. executed allow SE Property to sue for the deficiencies that remain after the foreclosure sales. In short, the parties agree that Ryals and Recovery Industries are liable for the balances due on the loans.

There is, however, some dispute over damages. Though SE Property has submitted an affidavit of an employee who reviewed business records and determined the amounts due on the loans, Ryals and Co. are unsatisfied. Specifically, Ryals and Co. insist that the outstanding balances SE Property's employee listed did not take into account the proceeds from foreclosure sales of collateral.[1]

But they lack any evidence to back that claim up. Instead, Ryals and Co. submit only an affidavit in which Ryals observes that SE Property's motion for summary judgment and supporting evidence do not expressly indicate an offset for the proceeds of the foreclosure sales. (Doc. 30-1 at 2 ("Nowhere in the Plaintiff's Brief . . . are the sums obtained from [the] foreclosures applied to the alleged debts owed by the Defendants to the Plaintiff.").) Whatever evidentiary value Ryals and Co. would attach to that affidavit is undercut by the fact that Ryals does not claim any personal knowledge about the calculations SE Property used to determine the balances due on the loans; for all he knows, the amounts SE Property claims might be bottom-line figures that take into account the proceeds of the foreclosure sales.

In fact, that is exactly what they are. Along with its reply brief, SE Property attached the business records its employee referenced in her

---

[1] Ryals and Co. do not dispute that SE Property is entitled to recover attorneys' fees and costs, which SE Property places at $53,730.76; nor do they argue that that amount is unreasonable.

4

affidavit. Those records, which are materially consistent with the evidence SE Property submitted in support of summary judgment[2], confirm that the amounts SE Property said were due in its motion for summary judgment do indeed reflect offsets for the proceeds of the foreclosure sales. Because Ryals and Co.'s evidence does suggest otherwise, they have failed to establish a genuine issue of material fact on the question of damages.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that SE Property's motion for summary judgment (Doc. 26) is **GRANTED**.[3]  Because this order does not dispose of Count III (SE Property's claim for an accounting), the court will withhold final judgment until it adjudicates "all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

**DONE** and **ORDERED** this 16th day of September, 2013.

/s/ Callie V.S. Granade
UNITED STATES DISTRICT JUDGE

---

[2] There is one inconsistency between the affidavit and the business records: the affidavit lists a balance of $13,770.86 on one of Ryals's loans, while the record lists a balance of $13,770.85 (Doc. 32-1 at 6). There appears to be a rounding error on the record (it says 14 and 72 add up to 85), but the court will give Plaintiff the benefit of that error and reduce SE Property's award by a penny.

[3] The court declines SE Property's invitation to "specifically state . . . that [SE Property] is permitted to seek additional fees and costs associated with its collection efforts should the need arise." (Doc. 27.) Should the need arise, SE Property can seek whatever fees it thinks it is entitled to in whatever manner it deems fit. But the court will not express an opinion on the propriety of an ill-defined hypothetical scenario,which may never even occur.